IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE:<br><br>CHRISTOPHER ANDERSON,<br><br>Debtor. | Chapter 13<br>Case No. 26-50398 |
| MATTHEW W. CHENEY,<br>ACTING UNITED STATES TRUSTEE<br>FOR REGION FOUR,<br><br>Movant,<br><br>v.<br><br>CHRISTOPHER ANDERSON,<br><br>Respondent. | |

**NOTICE OF MOTION AND HEARING**

The United States Trustee has filed a Motion for Sanctions.

PLEASE TAKE NOTICE that a hearing on the forgoing Motion will be held on September 3, 2026, at 9:30 AM before Judge Connelly. The hearing shall be held via Zoom for Government using the following information: Meeting ID: 160 369 2643; URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643.

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response within 7 days before the hearing date. Absent a timely filed response, a proposed order will be tendered to the Court granting the relief requested in the motion and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Dated: 21 July 2026

Respectfully submitted,

MATTHEW W. CHENEY,
Acting United States Trustee for Region Four

By: */s/ Margaret K. Garber*

Margaret K. Garber (VSB No. 34412)
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011
(540) 857-2806
margaret.k.garber@usdoj.gov

**MOTION FOR SANCTIONS**

Comes now the United States Trustee for Region Four and moves this court pursuant to §§ 105, 109(g), 349 and 1307 of the Bankruptcy Code to dismiss this case and to sanction the debtor, and in support thereof, the United States Trustee states as follows:

1. This case was commenced by the filing of a voluntary petition pursuant to Chapter 13 of Title 11 on or about July 6, 2026 by Christopher Anderson (Anderson or debtor).

2. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on January 27, 2026. The case was assigned Number 26-50039. On February 20, 2026, this case was dismissed as a result of the debtor's failure to comply with court order to file the required statement and schedules. The debtor failed to pay the required filing fee in this case.

3. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on October 7, 2025. The case was assigned Number 25-50593. On October 23, 2025, this case was dismissed as a result of the debtor's failure to comply with court order to file the required statement and schedules. The debtor failed to pay the required filing fee in this case.

4. These multiple filings and the debtor's disregard of the duties and obligations imposed upon him by the United States Bankruptcy Code, indicate that the current filing, at least, was made with bad faith, and is an abuse of the provisions of the Bankruptcy Code. "…[B]ankruptcy courts have traditionally drawn upon their powers of equity to prevent abuse of the bankruptcy process and to ensure that a "case be commenced in 'good faith' to reflect the intended policies of the Code." 2 L. King, *Collier on Bankruptcy* § 301.05[1], at 301–5 to 301–7 (1996). Such a good faith requirement:

> prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshalling and turnover of assets) available only to those debtors and creditors with "clean hands." *In re Kestell, 99 F. 3d 147, 147 (4th Cir. 1996) (citing* *In re Little Creek Development Co.,* 779 F.2d 1068, 1072 (5th Cir.1986)).

5. The debtor has continuously abused the bankruptcy system.

6. That said serial filings are in bad faith and are burdensome to the Court, creditors, the Clerk of U.S. Bankruptcy Court, the trustees and others.

WHEREFORE, the United States Trustee requests that this Court order the following relief:

1. That this case be dismissed.

2. That the debtor be prohibited from filing any bankruptcy petition for a period of 365 days from the date of the Order dismissing this case.

3. That all future filings be contingent upon the payment of unpaid filing fees owed to the United States Bankruptcy Court.

4. The United States Trustee requests such other relief as the Court may deem just.

Dated: 21 July 2026

Respectfully submitted,

MATTHEW W. CHENEY,
Acting United States Trustee for Region Four

By: */s/ Margaret K. Garber*

Margaret K. Garber (VSB No. 34412)
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011
(540) 857-2806
margaret.k.garber@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a true and correct copy of the foregoing was electronically filed with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case. On this same date, I caused copies to be mailed by First-Class Mail to the debtor and to all creditor listed on the matrix.

*/s/ Margaret K. Garber*
Margaret K. Garber